**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ST. STEFAN MICHALOPOULOS,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>SENATOR ADAM SCHIFF,<br><br>　　　　　　　Defendant. | Case No. 26-cv-1139 (JMC) |

**MEMORANDUM OPINION**

Pro se Plaintiff St. Stefan Michalopoulos filed a civil complaint against United States Senator Adam Schiff. For the reasons discussed below, the Court **DISMISSES** the complaint for failure to comply with Federal Rule of Civil Procedure 8(a)(2).

Federal Rule of Civil Procedure 8(a)(2) requires civil complaints to include "a short and plain statement of the claim showing that the pleader is entitled to relief." It does not demand "detailed factual allegations," but it does require enough factual information "to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). These procedural requirements promote fairness in litigation—Rule 8(a) is intended to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Id.* (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Pleadings filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). But even pro se litigants must comply with the Federal Rules of Civil Procedure.

Michalopoulos's complaint does not satisfy these requirements. The complaint itself is 98 pages long, and it is accompanied by 460 pages of exhibits. *See* ECF 1; ECF 1-1. Near the

1

beginning of the complaint, Michalopoulos lists four "disputes for judicial resolution," which include "DOJ Investigators who got fired jobs back immediately," "FBI + DOJ purges 1900 victims of 'stupid bullshit' jobs back immediately," "Immigrations (A) grandfather 73,000 ex post facto laws (B) criminal procedures immediately," and "Initiate investigation for 5 impeachments + jail." ECF 1 at 4. Michalopoulos goes on in the complaint to say, among many other things, that his "case is criminal laws," *id.* at 7, that a "Federal Cover Up Operation" is involved, *id.*, and that "this case is a Negligence case for Adam Schiff to not have these cases investigated by the HPSCI Internal Affairs as required at this point as Donald Trump Conspiracies," *id.* at 10. Even construing the complaint liberally, the Court is unable to identify what cognizable harm Michalopoulos has suffered, who caused him that harm, and how the law entitles him to any relief. The many notices Michalopoulos has filed since filing his complaint do not clarify the complaint, either.

Michalopoulos's complaint is therefore dismissed for failure to comply with Rule 8(a)(2). The Court acknowledges that dismissing a case *sua sponte* is an unusual step, but the Court has the authority to do so when plaintiffs fail to comply with procedural rules. *See, e.g.*, *Brown v. WMATA*, 164 F. Supp. 3d 33, 35 (D.D.C. 2016) (dismissing a complaint *sua sponte* for failing to comply with Rule 8(a)); *Hamrick v. United States*, No. 10-cv-857, 2010 WL 3324721, at *1 (D.D.C. Aug. 24, 2010) (same); *see also Ciralsky v. CIA*, 355 F.3d 661, 668–69 (D.C. Cir. 2004) (finding no abuse of discretion where a district court dismissed a claim without prejudice for failure to comply with Rule 8(a)).

The Court will grant Michalopoulos leave to refile within 30 days (i.e., by June 12, 2026) an amended complaint that cures the existing deficiencies. If he does not file an amended complaint within that timeframe, files an amended complaint that recycles the present complaint, or otherwise fails to comply with Rule 8, this action may be dismissed with prejudice. *Brown*, 164 F. Supp. 3d

at 35. The Court also **DENIES** Michalopoulos's motion for service, ECF 7, as moot. A separate

order accompanies this memorandum opinion.

      **SO ORDERED.**

_____

JIA M. COBB
United States District Judge

Date: May 13, 2026